116 F.3d 485
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
NATIONAL ASSOCIATION OF HOME BUILDERS OF THE UNITED STATES;
BUILIDNG INDUSTRY LEGAL DEFENSE FOUNDATION,
Plaintiffs-Appellants
v.
CITY OF LOS ANGELES, Defendant-Appellee.
 No. 96-55274.
 United States Court of Appeals, Ninth Circuit.
 June 9, 1997.
 
 1
 Appeal from the United States District Court for the Central District of California Manuel L. Real, District Judge, Presiding.
 
 
 2
 Before: Pamela Ann RYMER and Sidney R. THOMAS, Circuit Judges, and Owen M. Panner**, Senior District Judge.
 
 
 3
 MEMORANDUM*
 
 
 4
 The parties are familiar with the factual and procedural history of the case, so we will not set it forth in detail here.
 
 
 5
 * We review dismissal of a complaint for failure to state a claim de novo. Oscar v. University Students Coop. Ass'n, 965 F.2d 783, 785 (9th Cir.1992) (en banc). All allegations of material fact in the complaint are taken as true and are construed in the light most favorable to the nonmoving party. Smith v. Jackson, 84 F.3d 1213, 1217 (9th Cir.1996).
 
 
 6
 The proposed first amended complaint explicitly alleges that the associations' members have been required to make dedications and improvements under the Los Angeles Municipal Code ("Code"), continue to be required to make dedications and improvements under the Code, and will in the future be required to make dedications and improvements under the Code.
 
 
 7
 An association has standing to bring suit on behalf of its members if: "(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." Hunt v. Washington State Apple Adver. Comm'n, 432 U.S. 333, 343 (1977).
 
 
 8
 The plaintiffs' allegations concerning standing are sufficient to overcome a Rule 12(b)(6) motion. The associations' members would have standing to sue in their own right because the alleged harm has directly affected them in the past and will continue to directly affect them in the future. The interests the associations seek to protect are relevant to their purposes as home builder and developer organizations. The associations assert a facial challenge to the ordinance and request declaratory and injunctive relief, and thus neither the claim nor the relief requires the individual participation of the associations' members.
 
 
 9
 Therefore, as the City concedes, the district court erred in granting the motion to dismiss based on lack of standing. We note that Carson Harbor Village Ltd. v. City of Carson, 37 F.3d 468 (9th Cir.1994), holds that a property owner did not have standing to make a facial challenge to a statute unless "he was a property owner subject to the statute at the time of its enactment." Id. at 476. At this stage of the proceedings, the record is silent as to whether any of the associations' members satisfy this requirement. Thus, defendants would not be precluded from raising the standing issue by summary judgment motion or through a preliminary hearing. Barrett Computer Servs.. Inc. v. PDA, Inc., 884 F.2d 214, 219-20 (5th Cir.1989).
 
 II
 
 10
 Having determined that the associations have standing, at least at this stage of the litigation, we examine whether the plaintiffs' complaint is barred by the statute of limitations. We conclude that it is.
 
 
 11
 In attacking a regulation as an unconstitutional taking, a plaintiff can bring either an as-applied challenge or a facial challenge. Levald. Inc. v. City of Palm Desert, 998 F.2d 680, 686 (9th Cir.1993). The associations have brought a facial challenge.
 
 
 12
 A plaintiff faces "an uphill battle in making a facial attack on the zoning restriction as a taking." Sinclair Oil Corp. v. County of Santa Barbara, 96 F.3d 401, 406 (9th Cir.1996) (quotations omitted). To prevail on a facial challenge, a plaintiff must demonstrate that the "mere adoption of the ordinance[ ] constitutes an uncompensated taking." Southern Pac. Transp. Co. v. City of Los Angeles, 922 F.2d 498, 505 (9th Cir.1990). That is, a plaintiff must demonstrate that the mere adoption of the ordinance either denies the plaintiff economically viable use of her or his property or does not substantially advance legitimate state interests.
 
 
 13
 In their complaint, the associations argue that the ordinance does not meet the standards articulated in Dolan v. City of Tigard, 512 U.S. 374 (1994), and thus does not substantially advance legitimate state interests. Specifically, the associations allege that the ordinance violates Dolan because the ordinance lacks "rough proportionality" to the use of the property sought and because it is applied without individual determination. The associations allege that the "mere enactment" of this allegedly unconstitutional ordinance is a taking because it affects property values and discourages development. See Levald, 998 F.2d at 688 ("In the takings context, the basis of a facial challenge is that the very enactment of the statute has reduced the value of the property or has effected a transfer of a property interest.").
 
 
 14
 Facial challenges to statutes are subject to the statute of limitations. Id. at 687. "In a facial taking, the harm is singular and discrete, occurring only at the time the statute is enacted." Carson Harbor Village Ltd. v. City of Carson, 37 F.3d 468, 476 (9th Cir.1994). " 'In the takings context, the basis of a facial challenge is that the very enactment of the statute has reduced the value of the property or has effected a transfer of a property interest. This is a single harm, measurable and compensable when the statute is passed.' " Id. (quoting Levald, 998 F.2d at 688).
 
 
 15
 Certainly, a landowner may suffer injury at the time the ordinance is enacted against her or him. "However, this injury is relevant only in the context of an as-applied takings claim," id. at 477 n. 8, which has not been raised in this suit.
 
 
 16
 We have treated regulatory takings claims as subject to section 1983 analysis for statute of limitations period purposes. See Levald, 998 F.2d at 684, 687-88. For California actions accruing prior to 1985, the statute of limitations is three years. Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir.1987). For actions accruing after 1985, the statute of limitation is one year. Levald, 998 F.2d at 688. The challenged ordinance was passed in 1962. This suit was filed on September 22, 1995, long after the statute of limitations had run. Even if we accepted the argument that Dolan revived the statute of limitations, this action would be time-barred. Dolan was decided June 24, 1994; this action was filed more than a year later. Therefore, the associations' suit is barred by the statute of limitations.
 
 
 17
 The associations argue that the statute of limitations does not bar their suit because they seek equitable and declaratory relief. We previously expressly rejected this argument. Levald, 998 F.2d at 688.
 
 
 18
 In post-briefing submissions and in oral argument, the associations also argue that the Supreme Court has considered the constitutionality of statute scores of years after enactment, citing Loving v. Commonwealth of Virginia, 388 U.S. 1 (1967) and Brown v. Board of Educ., 347 U.S. 483 (1954). We have twice previously rejected this contention. "In non-taking contexts, the harm is continuing or does not occur until the statute 'is enforced,' and consequently the Supreme Court has allowed non-taking challenges to statutes 'long after they were enacted.' " Carson, 37 F.3d at 476 n. 7 (quoting Levald, 998 F.2d at 688). We also note that Loving and Brown involved as-applied, not facial constitutional challenges. Neither case involved takings claims.
 
 
 19
 Because the statute of limitations bars relief, we affirm the judgment of the district court. AFFIRMED.
 
 NAHB v. City of Los Angeles, No. 96-55274
 RYMER, Circuit Judge, concurring:
 
 20
 I concur in the judgment because I do not believe that a facial challenge to this ordinance on a theory that it conflicts with Dolan is possible to evaluate absent a factual record showing how the ordinance is applied in light of Dolan. See Southern Pac. Transp. Co. v. City of Los Angeles, 922 F.2d 498, 506 n. 9 (9th Cir.1990). As we can't say in the abstract whether the required dedication of property is unrelated in nature, or disproportionate in extent, to the problem that the City seeks to mitigate or control, the action is not ripe and was properly dismissed as non-justiciable.
 
 
 
 **
 Honorable Owen M. Panner, Senior United States District Judge for the District of Oregon, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3