In re PACIFIC GATEWAY EX-
CHANGE, INC., SECURI-
TIES LITIGATION.

This Document Relates
To: All Actions.

No. C–00–1211 PJH.

United States District Court,
N.D. California.

Aug. 16, 2001.

William S. Lerach, Darren J. Robbins, Milberg Weiss Bershad Hynes & Lerach LLP, San Diego, CA, Frederic S. Fox, Laurence D. King, Kaplan Kilsheimer & Fox LLP, New York, NY, Bruce G. Murphy, Law Offices of Bruce G. Murphy, Vero Beach, FL, Patrick J. Coughlin, Randi D. Bandman, Milberg Weiss Bershad

Hynes & Lerach LLP, San Francisco, CA, Ellen Gusikoff Stewart, Spector Roseman & Kodroff, P.C., San Diego, CA, Joel B. Strauss, Kaplan Kilsheimer & Fox LLP, New York, NY, for Jeffrey Winick.

Stanley M. Grossman, Pomerantz Haudek Block Grossman & Gross LLP, New York, NY, Joseph J. Tabacco, Jr., Christopher T. Heffelfinger, Nicole Lavallee, Berman DeValerio Pease Tabaco Burt & Pucillo, San Francisco, CA, Patrick V. Dahlstrom, Pomerantz Haudek Block Grossman & Gross, Chicago, IL, for Robert F. Sowell, Joseph W. Sowell, Jr.

Bruce A. Ericson, Pillsbury Winthrop LLP, San Francisco, CA, Walter J. Robinson, Martin D. Dioli, Pillsbury Winthrop LLP, Palo Alto, CA, for Howard A. Neckowitz, Sandra Grey.

Robert F. Sowell and Joseph W. Sowell, Jr., for Lead Plaintiff.

Howard A. Neckowitz, Gail E. Granton and Sandra D. Grey, for Defendants.

## ORDER GRANTING MOTION TO DISMISS COMPLAINT

HAMILTON, District Judge.

Now before the court is the motion of defendants Howard A. Neckowitz, Gail E. Granton, and Sandra D. Grey for an order dismissing the consolidated amended complaint. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motion for the following reasons.

### INTRODUCTION

This is a proposed class action alleging violation of the federal securities laws. Pacific Gateway Exchange, Inc. ("PGE"), which filed for bankruptcy protection in December 2000, was a telecommunications company providing long distance telephone service, and Internet and fiber optic bandwidth services. Defendant Howard Neckowitz was Chairman, President, and CEO of PGE until December 2000, defendant Sandra Gray was Chief Financial Officer until March 2000, and defendant Gail Granton was co-Chief Operations Officer until December 2000.

Plaintiffs, who purchased shares of stock in PGE, filed this action on behalf of themselves and all other persons who bought PGE stock from May 14, 1999, to March 31, 2000 (the proposed class period). Plaintiffs allege that during the class period, defendants issued false and misleading statements regarding PGE's revenue recognition practices and omitted to disclose that PGE had defaulted on a significant credit facility until several months after the default began, in violation of § 10(b) of the 1934 Securities Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b–5 promulgated thereunder, 17 C.F.R. § 240.10b–5. Plaintiffs also allege control person liability under § 20(a) of the 1934 Act, 15 U.S.C. § 78t(a).

Plaintiffs allege misstatements and material omissions in connection with defendants' release of PGE's financial results for each of the four quarters of 1999, in press releases and in reports filed with the SEC. Plaintiffs claim that throughout this period, defendants recognized revenue on bandwidth sales and swap agreements "up front," rather than ratably over the life of the agreement, in violation of Generally Accepted Accounting Principles ("GAAP"), and without making adequate disclosure of the effect of such overstatement of revenues. Plaintiffs also assert that defendants understated the expenses associated with the company's fixed assets. In addition, plaintiffs allege that PGE failed to disclose until March 2000 that it had been in default on its debt (the credit facility) to Bank of America since before December 1999.

Defendants now move to dismiss the consolidated amended complaint (herein, the "complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6), on the grounds

that plaintiffs allege neither falsity nor scienter with the requisite particularity.

## DISCUSSION

### A. Legal Standard

#### 1. Motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).

■ A court should dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim only where it appears beyond doubt that plaintiff can prove no set of facts in support of the claim which would entitle the plaintiff to relief. *See Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Pillsbury, Madison & Sutro v. Lerner,* 31 F.3d 924, 928 (9th Cir.1994). All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Smith v. Jackson,* 84 F.3d 1213, 1217 (9th Cir.1996).

■ Review is limited to the contents of the complaint. *Allarcom Pay Television, Ltd. v. Gen. Instrument Corp.,* 69 F.3d 381, 385 (9th Cir.1995). When matters outside the pleading are presented to and not excluded by the court, a Rule 12(b)(6) motion is to be treated as one for summary judgment, and all parties shall be given opportunity to present all material made pertinent to such a motion by Rule 56. *See* Fed.R.Civ.P. 12(b). However, material that is properly presented to the court as part of the complaint may be considered as part of a motion to dismiss. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.,* 896 F.2d 1542, 1555 n. 19 (9th Cir.1989). If a plaintiff fails to attach to the complaint the documents on which it is based, defendant may attach to a 12(b)(6) motion the documents referred to in the complaint to show that they do not support plaintiff's claim. *See Branch v. Tunnell,* 14 F.3d 449, 454 (9th Cir.1994).

#### 2. Federal Rule of Civil Procedure 9(b)

■ Generally, plaintiffs in federal court are required to give a short, plain statement of the claim sufficient to put the defendants on notice. Fed.R.Civ.P. 8. In actions alleging fraud, however, "the circumstances constituting fraud or mistake shall be stated with particularity." Fed.R.Civ.P. 9(b). Under Rule 9(b), the complaint must allege specific facts regarding the fraudulent activity, such as the time, date, place, and content of the alleged fraudulent representation, how or why the representation was false or misleading, and in some cases, the identity of the person engaged in the fraud. *See In re GlenFed, Inc. Sec. Litig.,* 42 F.3d 1541, 1547–49 (9th Cir.1994).

#### 3. Claims under the 1934 Act

Section 10(b) of the Securities Exchange Act provides, in part, that it is unlawful "to use or employ in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the [SEC] may prescribe," 15 U.S.C. § 78j(b).

Rule 10b–5 makes it unlawful for any person to use interstate commerce

(a) To employ any device, scheme, or artifice to defraud,

(b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

(c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon

any person, in connection with the purchase or sale of any security.

17 C.F.R. § 240.10b–5.

 In order to state a claim under § 10(b) and Rule 10b–5, the plaintiff must allege 1) a misrepresentation or omission 2) of material fact 3) made with scienter 4) on which the plaintiff justifiably relied 5) that proximately caused the alleged loss. *Binder v. Gillespie,* 184 F.3d 1059, 1063 (9th Cir.1999), *cert. denied,* 528 U.S. 1154, 120 S.Ct. 1158, 145 L.Ed.2d 1070 (2000). A presumption of reliance is available to plaintiffs alleging violations of § 10(b) based primarily on omissions of material fact, but not in cases alleging significant misrepresentations in addition to omissions, or alleging only misrepresentations. *Id.* at 1063–64.[1]

 Under § 20(a) of the 1934 Act, joint and several liability can be imposed on persons who directly or indirectly control a violator of the securities laws. 15 U.S.C. § 78t(a). Violation of § 20(a) is predicated on a primary violation under the 1934 Act. Plaintiffs alleging a claim that individual defendants are "controlling persons" of a company must allege 1) that the individual defendants had the power to control or influence the company, 2) that the individual defendants were culpable participants in the company's alleged illegal activity, and 3) that the company violated the federal securities laws. *See Durham v. Kelly,* 810 F.2d 1500, 1503–04 (9th Cir.1987).

**4. The Private Securities Litigation Reform Act**

 The Private Securities Litigation Reform Act ("PSLRA") was enacted by Congress in 1995 to establish uniform and stringent pleading requirements for securities fraud actions, and "to put an end to the practice of pleading 'fraud by hindsight.'" *In re Silicon Graphics Sec. Litig.,* 183 F.3d 970, 978 (9th Cir.1999). The PSLRA added heightened pleading requirements for alleging both falsity and scienter in securities fraud actions under the 1934 Act. If the complaint does not satisfy these pleading requirements, the court, upon motion of the defendant, must dismiss the complaint. *See* 15 U.S.C. § 78u–4(b)(3)(A).

 Under the PSLRA—whether alleging that a defendant "made an untrue statement of a material fact" *or* alleging that a defendant "omitted to state a material fact necessary in order to make the statements made, in the light of the circumstances in which they were made, not misleading"—the complaint must 1) "specify each statement alleged to have been false or misleading," 2) specify "the reason or reasons why the statement is misleading," and, if an allegation regarding the statement or omission is made on information and belief, 3) "state with particularity all facts on which that belief is formed." 15 U.S.C. § 78u–4(b)(1).[2]

 In addition, with regard to pleading scienter—whether alleging that a defendant "made an untrue statement of material fact" *or* alleging that a defendant

---

**1.** A presumption of reliance is also available in a "fraud on the market" case, where the plaintiff alleges that a defendant made material representations or omissions concerning a security that is actively traded in an "efficient market." *Id.* at 1064 (citing *Basic, Inc. v. Levinson,* 485 U.S. 224, 247, 108 S.Ct. 978, 99 L.Ed.2d 194 (1988)).

**2.** Matters that are not alleged on personal knowledge are considered to be alleged on information and belief. *In re Splash Tech. Holdings, Inc. Sec. Litig.,* 2000 WL 1727377*12 (N.D.Cal., Sept.29, 2000).

"omitted to state a material fact"—the complaint must, with respect to each alleged act or omission, "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2). In the Ninth Circuit, the requirement that the facts must give rise to a "strong inference ... [of] the required state of mind" means, for claims under § 10(b), that "the evidence must create a strong inference of, at a minimum, 'deliberate recklessness.'" *In re Silicon Graphics*, 183 F.3d at 977.

## B. Defendants' Motion to Dismiss

As an initial matter, the court notes that plaintiffs have already acknowledged that the consolidated amended complaint is deficient in a number of respects, because before filing their opposition to defendants' motion to dismiss, they sought leave to amend the complaint. Being of the opinion that motions should be resolved one at a time, and that an amended complaint ought not to be filed while a motion to dismiss the operative version of the complaint is still pending, the court denied the request. Nevertheless, under these circumstances, the court does not find it necessary to provide a lengthy exegesis of the failings of the complaint.

In general, the complaint fails on almost every level to satisfy the requirements of Rule 8, Rule 9(b), and the PSLRA. The allegations of accounting fraud meander aimlessly throughout the complaint, never arriving at any particular destination, certainly not reaching the level of stating a claim of violation of the federal securities laws. Plaintiffs fail to allege falsity with

particularity; most noticeably, they do not state with any specificity which statements are alleged to have been false or misleading when made, or which statements ought to have been made in order to prevent other statements from being misleading. Nor do they provide any factual support for allegations made on information and belief. Equally striking is the complete absence of facts giving rise to a strong inference that defendants acted with deliberate recklessness.

### 1. Falsity

▇▇▇▇▇ Plaintiffs' allegations of accounting fraud, to the extent that they are coherent, are insufficient to establish falsity. To plead a claim for accounting fraud, plaintiffs must plead facts sufficient to support a conclusion that defendants prepared the allegedly fraudulent financial statements and that the alleged financial fraud was material, and must identify the particular transactions underlying the alleged accounting deficiencies. *Hockey v. Medhekar*, 30 F.Supp.2d 1209, 1216 (N.D.Cal. 1998). In this case, plaintiffs do not identify particular transactions where defendants improperly recognized revenues, nor do they provide details concerning the amount by which bandwidth or undersea cable assets, revenues, and earnings were overstated; the dates of the transactions; or the details of the specific entries in the reports that are alleged to have been made in error. To the extent that plaintiffs' claim of fraud is based on allegations of failure to disclose additional facts, the complaint fails to identify the particular statements alleged to be misleading, or to state with particularity the material fact or facts necessary to make the statements not misleading.

To the extent that plaintiffs are alleging false statements in press releases or in reports filed with the SEC, the complaint

fails to identify the exact statements that are alleged to have been false or misleading at the time they were made. The court suggests that plaintiffs review the discussion in *In re Autodesk, Inc., Securities Litigation*, 132 F.Supp.2d 833 (N.D.Cal.2000), as well as the discussion in *In re Harmonic, Inc. Securities Litigation*, 163 F.Supp.2d 1079 (N.D.Cal.2001).

2. Scienter

Under the Ninth Circuit's reading of the PSLRA, plaintiffs are required to "plead, in great detail, facts that constitute strong circumstantial evidence of deliberate recklessness or conscious misconduct." *Silicon Graphics*, 183 F.3d at 974. Plaintiffs must also provide great detail regarding all facts forming the basis of their belief. *Id.* at 983. In their opposition to defendants' motion plaintiffs argue that "the vital importance" of the credit facility itself creates a strong inference that "defendants were aware of every significant development impacting the continued availability of those funds," and contend that the "nature and significance" of the GAAP violations, the claims of motive and opportunity, and the allegations regarding the post-class period events are all sufficient to establish a strong inference of scienter.

The court finds, however, that plaintiffs allege no facts to support their claim that defendants knew, before March 31, 2000, that PGE was in default of certain provisions of the credit facility. Plaintiffs do not allege exactly what the default consisted of, nor which defendants knew of it, when they learned about it, or how they learned about it.

The court also finds that the allegations of failure to follow GAAP are not adequate to establish scienter, because scienter "requires more than a misapplication of accounting principles." *In re Worlds of Wonder Sec. Litig.*, 35 F.3d

1407, 1426 (9th Cir.1994). Plaintiffs allege, for example, that PGE "impaired" its bandwidth assets by selling them but not "reducing the carrying cost of the asset[s] on the balance sheet for the estimated cost of the impairment." However, plaintiffs do not identify any transaction by name or date, do not specify dollar amounts, and generally fail to provide any facts to support their belief that defendants were aware of the alleged fraud. For example, they do not indicate how or when each defendant became aware of the allegedly improper accounting practices, nor the extent of each defendant's contribution or involvement.

Similarly thin are plaintiffs' arguments that scienter can be inferred from the allegations of motive and opportunity. Plaintiffs assert that defendants engaged in a fraudulent scheme designed to convince the investing public that PGE's business would continue to grow despite declining prices in the telecommunications industry. Plaintiffs argue that this "motive" supports a strong inference of scienter. Plaintiffs also contend that defendant Sandra Grey's insider sale of stock indicates motive and thereby supports an inference of scienter. The court finds, however, that the allegations in the complaint are inadequate because plaintiffs fail to address the core requirement for pleading scienter. That is, the complaint must, with respect to each alleged act or omission, "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u–4(b)(2). In other words, plaintiffs must allege facts that connect specific defendants with specific intentionally reckless acts. In this case, however, plaintiffs provide no facts upon which the court can infer the state of mind of defendants at any particular point in time.

### 3. Control person liability

 Section 20(b) of the 1934 Act provides that liability may be imposed on any person who, directly or indirectly, controls any person liable under any of the provisions of the Act. 15 U.S.C. § 78t(a). To establish control person liability, however, a plaintiff must show that a primary violation occurred. *Wenger v. Lumisys, Inc.*, 2 F.Supp.2d 1231, 1252 (N.D.Cal. 1998). Because the claim under § 10(b) and Rule 10b–5 is being dismissed pursuant to Rule 12(b)(6) for failure to meet the required pleading elements, plaintiffs' claim under § 20 must also be dismissed.

### CONCLUSION

In accordance with the foregoing, the court hereby GRANTS the motion to dismiss the consolidated amended complaint. Plaintiffs may file a second amended complaint, no later than September 19, 2001.

Plaintiffs shall amend the § 10(b) and Rule 10b–5 claims in conformity with the requirements of the PSLRA, as follows. Separately, for *each* alleged false or misleading statement, plaintiffs shall

1. State the false or misleading statement.

2. State whether the statement was written or oral;

a. If the statement was written, identify the document in which it appeared— that is, provide the title and author of the document, the date it was prepared, and, if not a publicly-available document, name of the person or persons who reviewed it;

b. If the statement was oral, state when and under what circumstances the statement was made, and by whom; if allegation regarding an oral statement is not made on personal knowledge, state with particularity all facts upon which plaintiffs formed the belief that one or more of the defendants made the statement at the time and place at which it is alleged to have been made.

3. State why the statement was false or misleading at the time it was made, and state with particularity all facts upon which plaintiffs formed the belief that the statement was false or misleading;

a. If plaintiffs allege that the falsity of the statement is shown by conflicting information in internal reports, identify the report (title, author, date prepared, recipient(s)) and indicate the portion of the report that contradicts the false or misleading statement;

b. If plaintiffs allege that the falsity of the statement is shown by contemporaneous information inconsistent with a particular statement, state with particularity what the contemporaneous information was, what the source of the information was, who had the information, and how plaintiffs learned of the information.

4. State particular facts giving rise to a strong inference of the required mental state. For § 10(b) and Rule 10b–5 claims, the required state of mind is a degree of recklessness that strongly suggests actual intent to deceive;

a. If plaintiffs allege that defendants received or possessed documents or information that was at odds with the alleged false or misleading statement, state all the relevant facts supporting this belief;

b. If plaintiffs allege that the information was contained in documents, state the title, date, and contents of such documents (with particularity), the identity of the person or persons who drafted such documents, the identity of the person or persons who reviewed such documents, how plaintiffs learned of the existence of the documents, and how plaintiffs know that defendants received these documents;

c. If plaintiffs allege that the information was in a form other than written, state

the source or sources of their information (how they learned of this information allegedly possessed by defendants) and how they know that the defendants possessed this information.

5. If plaintiffs allege that forward-looking statements attributed to defendants were false and misleading, plaintiffs must allege materiality, lack of meaningful cautionary language, and actual knowledge of the speaker.

6. If plaintiffs do not intend to allege that any of the statements attributed to defendants were false, they must state that intention clearly. If plaintiffs allege that the statements attributed to defendants were misleading only by virtue of the fact that they omitted to state additional present facts, they must state that clearly. They must also state with particularity the material fact or facts that are necessary in order to make the statements made, in light of the circumstances under which they were made, not false or misleading.

Any motion to dismiss the second amended complaint shall be filed and served no later than 30 days following service of the second amended complaint. The opposition to the motion shall be filed and served no later than October 17, 2001; and any reply to the opposition shall be filed and served no later than November 14, 2001. The date of the hearing is set for December 5, 2001.

This order fully adjudicates the motion listed at No. 75 on the clerk's docket for this case. The date for the hearing on defendants' motion, previously set for Wednesday, August 22, 2001, is hereby VACATED.

**IT IS SO ORDERED.**