UNITED STATES of America,
Plaintiff–Appellee,

v.

James COLBERT, III, Defendant–
Appellant.

No. 96–50322.

United States Court of Appeals,
Ninth Circuit.

Submitted June 6, 1997.*

Decided June 17, 1997.

Judith Rochlin, Los Angeles, CA, for defendant-appellant.

Thomas H. Bienert, Jr., Assistant United States Attorney, Santa Ana, CA, for plaintiff-appellee.

Before: HUG, Chief Judge, and FERNANDEZ and RYMER, Circuit Judges.

HUG, Chief Judge:

Defendant James Colbert, III appeals his convictions for conspiracy, possession of counterfeit securities, and bank fraud. In this appeal, we are asked to determine whether the district court abused its discretion when it limited the cross-examination of a Government witness to preclude questioning regarding his prior misdemeanor conviction for lewd conduct. We hold that the district court did not abuse its discretion.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a) and 9th Cir. R. 34–4.

Colbert's codefendant Milton Lowy pleaded guilty pursuant to a plea agreement with the Government, and agreed to testify at trial against Colbert and the other codefendants. Several days before Colbert's trial commenced, Lowy notified the Government that he had been convicted of a misdemeanor count of lewd conduct for soliciting a prostitute. The Government subsequently informed the court and the defendants concerning the conviction. A hearing regarding the admissibility of this evidence was held prior to commencement of the trial, following which, the district court ruled the evidence inadmissible. The defense was not allowed to impeach Lowy at trial by questioning him regarding the conviction.

■ We review a district court's ruling regarding the scope of cross-examination for an abuse of discretion. *United States v. Jackson*, 882 F.2d 1444, 1446 (9th Cir.1989). We will only reverse the district court if we are left with a definite and firm conviction that a mistake was made. *Smith v. Jackson*, 84 F.3d 1213, 1221 (9th Cir.1996).

Federal Rules of Evidence 608 and 609 limit a defendant's ability to impeach an adverse witness with his prior criminal record during cross-examination. Rule 609(a) allows a witness to be impeached with a prior conviction if (1) "the crime was punishable by death or imprisonment in excess of one year under the law under which he was convicted," or if (2) the crime "involved dishonesty or a false statement, regardless of the punishment." Rule 608(b) prohibits the introduction of specific acts of conduct for the purpose of impeaching a witness's credibility unless the district court finds such acts to be "probative of truthfulness or untruthfulness." *United States v. Reid*, 634 F.2d 469, 473 (9th Cir.1980).

Lowy's lewd conduct conviction does not qualify for introduction under either Rule 609(a) or 608(b). Firstly, Lowy's conviction was for disorderly conduct under Cal.Penal Code § 647(b). He was subjected to a maximum term of imprisonment that was not to exceed six months. Cal.Penal Code § 19. Moreover, the Fifth Circuit has held that "a conviction for prostitution does not involve dishonesty or false statement and is not ad-

missible under 609(a) for impeachment purposes." *United States v. Walker*, 613 F.2d 1349, 1354 (5th Cir.1980); *see also United States v. Wright*, 564 F.2d 785, 791 (8th Cir.1977). We adopt this reasoning to hold that the district court did not err when it determined that the misdemeanor conviction for lewd conduct was inadmissible for the purpose of impeaching an adverse witness. Lowy's conviction involved neither dishonesty nor a false statement.

■ Nor did the district court err in excluding reference to Lowy's conviction or his failure to disclose it to the Government prior to his plea agreement under Rule 608(b). Colbert made no proffer about Lowy's withholding this information, so there is no basis to review its probative value. The record that does exist indicates that Lowy was forthcoming in response to the Government's inquiry, and we cannot say that cross-examination into the circumstances at the time of his plea was improperly foreclosed.

The district court, therefore, correctly declined to allow Lowy to be questioned regarding the conviction. No mistake was made. The district court did not abuse its discretion.

**AFFIRMED.**