**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Patricia WILLIAMS, Defendant—
Appellant.**

No. 01–10213.
D.C. No. CR–99–00480–CAL.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 10, 2002.

Decided April 22, 2002.

---

Before BEEZER, THOMAS, and W. FLETCHER, Circuit Judges.

### MEMORANDUM *

Patricia Williams appeals her jury conviction on counts of conspiracy, bribery concerning programs receiving federal funds, and the making of false statements to the Department of Housing and Urban Development. Williams was the manager of the San Francisco Housing Authority's Relocation Office, and the convictions stem from a conspiracy to accept bribes in exchange for assisting ineligible individuals in securing public housing. We have jurisdiction pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and, for the reasons discussed below, we affirm.

### I

■ Williams argues that the district judge erred in limiting her cross-examination in two ways. First, she argues that she should have been allowed more extensive cross-examination regarding the specifics of the Sentencing Guidelines calculations for co-conspirator Yolanda Jones, who testified for the Government pursuant to a plea agreement. The jury "ha[d] in its possession sufficient information to ap-

praise the biases and motivations of the witness," *United States v. Easter,* 66 F.3d 1018, 1023 (9th Cir.1995) (internal quotation and citation omitted), and therefore the district court did not abuse its broad discretion in excluding the details of Jones' potential sentence. *See also Gallego v. McDaniel,* 124 F.3d 1065, 1078 (9th Cir. 1997); *United States v. Mulinelli–Navas,* 111 F.3d 983, 988 (1st Cir.1997); *Brown v. Powell,* 975 F.2d 1, 4–5 (1st Cir.1992).

■ Second, Williams argues the district court erred in preventing her from cross-examining Jones about Jones' politically-connected father and how her father's connections might have enabled her to execute the bribery scheme without Williams' knowledge. Though this argument raises a somewhat closer question, we are not "left with a definite and firm conviction that a mistake was made." *United States v. Colbert,* 116 F.3d 395, 396 (9th Cir.1997). Even if the district court committed error in limiting the cross-examination in this way, the abundant evidence against Williams beyond Jones' testimony would render that error harmless. *See Delaware v. Van Arsdall,* 475 U.S. 673, 684, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986) (holding an error is harmless when "assuming that the damaging potential of the cross-examination were fully realized, a reviewing court might nonetheless say that the error was harmless beyond a reasonable doubt").

### II

■ Williams also argues that the government's use of plea and immunity agreements to induce the testimony of witnesses against her constituted giving something of value for testimony, in violation of 18 U.S.C. § 201(c)(2) and her constitutional

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

rights to due process and a fair trial. Williams did not object to the witnesses' testimony on these grounds at trial, and the argument has, in any event, been squarely rejected by this circuit. *See United States v. Mattarolo*, 209 F.3d 1153, 1160 (9th Cir.2000); *United States v. Smith*, 196 F.3d 1034, 1038–39 (9th Cir. 1999); *United States v. Flores*, 172 F.3d 695, 699–700 (9th Cir.1999).

Accordingly, the judgment of the district court is

AFFIRMED.