**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 3 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| LENIN GARCIA, | No.    14-56631 |
| Plaintiff-Appellant, | D.C. No. 3:12-cv-00718-BAS-NLS |
| v. | |
| CLUCK; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Cynthia A. Bashant, District Judge, Presiding

Submitted September 3, 2020[**]
San Francisco, California

Before:      D.W. NELSON, LEAVY, and SILVERMAN, Circuit Judges.

California state prisoner Lenin Garcia appeals pro se from the district court's judgment following a jury trial in his 42 U.S.C. § 1983 action alleging First Amendment retaliation claims.  We have jurisdiction under 28 U.S.C. § 1291.  We affirm.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

The district court did not abuse its discretion by admitting evidence of Garcia's prior acts of refusing housing assignments. *See Boyd v. City and County of San Francisco*, 576 F.3d 938, 943 (9th Cir. 2009) (district court's evidentiary rulings are reviewed for abuse of discretion). This evidence was admissible under Federal Rule of Evidence 404(b)(2) because it was probative of Garcia's plan to refuse his housing reassignment, and it was not unfairly prejudicial. *See United States v. Cherer*, 513 F.3d 1150, 1157 (9th Cir. 2008) (requirements for admitting evidence of prior acts under Rule 404(b)(2)); *United States v. Jotezki*, 952 F.2d 1090, 1094 (9th Cir. 1991) (relevant evidence may be unfairly prejudicial under Rule 403 "if it has an undue tendency to suggest a decision on an improper basis such as emotion or character rather than evidence presented on the crime charged").

The district court did not abuse its discretion by excluding witness testimony Garcia intended to elicit to lay foundation for the housing roster, because the witnesses that Garcia sought to question about the roster lacked personal knowledge of how it was generated. *See United States v. Dibble*, 429 F.2d 598, 602 (9th Cir. 1970) ("The foundation is laid for receiving a document in evidence by the testimony of a witness with personal knowledge of the facts who attests to the identity and due execution of the document and, where appropriate, its delivery."); Fed. R. Evid. 901.

14-56631

The district court did not abuse its discretion by excluding evidence regarding Garcia's commitment offenses. Initially, the district court did not exclude Garcia's proposed evidence that he was not a sex offender or child killer. Moreover, the district court did not abuse its discretion in concluding that Garcia's proposed evidence would have opened the door for defendants to introduce additional evidence regarding his commitment offenses. *See United States v. Whitworth*, 856 F.2d 1268, 1285 (9th Cir. 1988) (discussing the "opening the door" doctrine).

The district court did not abuse its discretion by excluding Garcia's evidence of prior grievances Garcia filed against prison officials. The district court allowed Garcia to establish that the grievances had been filed, and the content of the grievances and the grievance responses were not probative to Garcia's retaliation claims. Further, admitting the grievances risked confusing the jury. Because any probative value of the grievances was substantially outweighed by the risk of prejudice, the district court did not abuse its discretion by excluding the evidence under Federal Rule of Evidence 403. *See United States v. Haischer*, 780 F.3d 1277, 1281 (9th Cir. 2015) (discussing Rule 403).

The district court did not abuse its discretion by refusing to allow Garcia to question defendant Cobb about occasions on which Cobb allegedly refused to process inmate grievances. To the extent Garcia argues that his proposed

14-56631

questioning should have been admitted under Federal Rule of Evidence 608(b), such questioning was not probative of Cobb's truthfulness. *See United States v. Colbert*, 116 F.3d 395, 396 (9th Cir. 1997) ("Rule 608(b) prohibits the introduction of specific acts of conduct for the purpose of impeaching a witness's credibility unless the district court finds such acts to be probative of truthfulness or untruthfulness." (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by refusing to recall Lieutenant Garza because Garcia should have been prepared to ask Lieutenant Garza about the prison's regulations while Lieutenant Garza was on the stand. *See United States v. Fields*, 763 F.3d 443, 465 (9th Cir. 2014) (district court must consider a party's explanation for failing to introduce evidence earlier when deciding whether to allow the party to recall a witness).

Garcia challenges the district court's decision to shackle him during the jury trial. Because Garcia did not object at trial to being shackled, this court reviews for plain error. *See Claiborne v. Blauser*, 934 F.3d 885, 894 (9th Cir. 2019) (reviewing for plain error whether a pro se civil-litigant's shackling violated due process, where the issue was not objected to at trial). The district court did not make an individualized inquiry into the need for Garcia's shackling. However, the only claims before the jury were Garcia's First Amendment retaliation claims, and Garcia's dangerousness was not at issue. *See Rhodes v. Robinson*, 408 F.3d 559,

14-56631

567–68 (9th Cir. 2005) (elements of a First Amendment retaliation claim in the prison context). Because Garcia's dangerousness was not an issue for the jury to decide, the district court did not plainly error by shackling Garcia during trial. *See Claiborne*, 934 F.3d at 898–99 (concluding that the district court committed plain error by shackling a civil-litigant without first conducting an individualized inquiry into the need for such restraints, where the issue at trial was an excessive force claim and the litigant's dangerousness was an express question for the jury to decide).

Garcia argues that defense counsel misled the jury during closing arguments. We reject as unsupported by the record Garcia's contention that he raised this objection in the district court, and we therefore review for plain error. *See Bird v. Glacier Elec. Coop., Inc.*, 255 F.3d 1136, 1148 (9th Cir. 2001) (standard of review). During closing arguments, defense counsel incorrectly told the jury that, in order to return a verdict for Garcia, the jury had to find that Garcia's speech had actually been chilled by defendants' retaliatory conduct. However, such error does not warrant reversal, because Garcia failed to show by a preponderance of the evidence that defendants had a retaliatory motive or that defendants' conduct lacked a legitimate, correctional goal. *See Rhodes*, 408 F.3d at 567–68. Thus, even absent defense counsel's misleading statements, the jury's verdict in favor of defendants was still supported. *See Hemmings v. Tidyman's Inc.*, 285 F.3d 1174,

1195 (9th Cir. 2002) (concluding that a new trial was not warranted where, absent counsel's misconduct, the jury likely would have returned the same verdict).

We reject as without merit Garcia's contentions that the district court provided erroneous jury instructions.

**AFFIRMED.**