Robert SMITH, aka Robert Austin;
Reynaud D. Jones; Clifford Rubin,
Plaintiffs–Appellants,

v.

Michael JACKSON; Mijac Music; Joseph
Jackson; Lionel Richie; Rod Temper-
ton; Rodsongs; USA for Africa Founda-
tion, aka United Support of Artists for
Africa; Warner Brothers Publications,
Inc.; Columbia Pictures Publication;
Brockman Music; Almo Publications;
Warner–Tamerlane Publishing Co.;
CBS, Inc.; Quincy Jones; MJJ Produc-
tions, Inc., Defendants–Appellees.

Robert SMITH, aka Robert Austin;
Reynaud D. Jones; Clifford Rubin,
Plaintiffs–Appellees,

v.

Michael JACKSON; Defendant,

and

Rod Temperton; Defendant–Appellant.

Robert SMITH, aka Robert Austin;
Reynaud D. Jones; Clifford Rubin,
Plaintiffs–Appellees,

v.

Michael JACKSON; Mijac Music; Joseph
Jackson; Lionel Richie; USA for Africa
Foundation, aka United Support of Art-
ists for Africa; Warner–Tamerlane
Publishing Corp.; Warner Bros. Publi-
cations, Inc.; Quincy Jones; MJJ Pro-
ductions, Inc.; Sony Records, successor-
in-interest to CBS Records, Inc., Defen-
dants–Appellants.

Nos. 94–55355, 94–55616 and 94–55617.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 9, 1996.

Decided June 5, 1996.

Robert H. Rotstein and Robyn–Marie Lyon Monteleone, McDermott, Will & Emery, Los Angeles, California, and Gerald A. Margolis and Ronald M. Monitz, Manatt, Phelps & Phillips, Los Angeles, California, for defendants-appellees-cross-appellants.

Douglas M. Grimes, Gary, Indiana, and Howard Manning, Jr., Los Angeles, California, for plaintiffs-appellants-cross-appellees.

Before: GOODWIN and HAWKINS, Circuit Judges, and MARQUEZ,* District Judge.

MICHAEL DALY HAWKINS, Circuit Judge:

Appellants/Cross-Appellees Robert Smith and Reynaud Jones brought copyright infringement and RICO actions against appellees/cross-appellants, including Michael Jackson, Rod Temperton, and Lionel Richie. Appellants argue that (1) the district court erred in dismissing appellants' RICO claims pursuant to Fed.R.Civ.P. 12(b)(6), (2) the court erred in granting partial summary judgment in appellees' favor, and (3) the court's jury instructions improperly permitted the jury to find for appellees without considering appellees' access to appellants' copyrighted works. Appellees cross-appealed the court's decision to deny attorney's fees. We affirm.

## I. FACTUAL AND PROCEDURAL HISTORY

Appellants' copyright claims were based on appellees' alleged infringement of six of appellants' songs. Appellants had registered copyrights on each song. Appellants did not allege infringement of the lyrics or copying of large parts of the music, but rather alleged that appellees misappropriated musical "motives" from each of appellants' works.[1] More specifically, appellants alleged that:

* Jackson's and Richie's "We Are The World" infringed on one motive from appellants' "If There Be You"

* Jackson's and Richie's "We Are The World" infringed on two motives from appellants' "What Will Become of the Children"

* Jackson's "The Girl is Mine" infringed on one motive from appellants' "Don't Let the Sunshine Catch You Crying"

* Jackson's "The Girl is Mine" infringed on two motives from appellants' "Happy Go Lucky Girl"

* Temperton's "Thriller" infringed on four motives from appellants' "Run on Manchild"

* Jackson's "Another Part of Me" infringed on two motives from appellants' "Send Your Love"

In addition to the copyright infringement claims, appellants alleged that appellees' dissemination and marketing of the songs were mail and wire fraud predicate acts under RICO. The district court dismissed appellants' RICO counts for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). The court concluded that although appellants claimed to allege mail and wire fraud as predicate acts, their RICO claims were actually based on copyright infringement. Because copyright infringement is not a RICO predicate act under 18 U.S.C. § 1961, the court dismissed appellants' RICO claims.

The district court then granted appellees' motion for summary judgment as to all but three of appellants' infringement claims.[2] The court concluded that as to all but the three surviving allegations of infringement, appellants' experts had failed to rebut appellees' expert testimony that appellants' allegedly infringed motives were unprotected "scenes a faire." [3]

The three surviving claims went to trial. The jury returned a special verdict for appellees on each of the three infringement claims. The jury concluded that none of appellants'

---

\* Honorable Alfredo C. Marquez, Senior United States District Judge for the District of Arizona, sitting by designation.

**1.** A "motive" is a short musical phrase, usually comprised of only a few notes.

**2.** The three claims that survived summary judgment were one motive from "What Will Become

of the Children" allegedly infringed by "We Are The World," one motive from "Happy Go Lucky Girl" allegedly infringed by "The Girl is Mine," and the combination of two motives from "Run on Manchild" allegedly infringed by "Thriller."

**3.** "Scenes a faire" refers to a motive that is so common or trite it is not protectable.

works would be found to be substantially similar to appellees' works by the ordinary lay listener.

The district court denied appellees' post-trial motion for attorney's fees. The district court determined that appellants had not brought their claims in bad faith, that the claims were not frivolous, and that the claims had legal and factual support, and thus concluded that appellees' were not entitled to attorney's fees under the Copyright Act, 17 U.S.C. § 505.

Appellants timely appealed the dismissal of the RICO counts, the partial summary judgment, and alleged trial errors,[4] and Temperton and the Jackson appellees timely cross-appealed the denial of attorney's fees.

## II. DISCUSSION

### A. Did The District Court Err In Dismissing Appellants' RICO Causes Of Action For Failure To State A Claim?

#### *Standard of Review*

 A dismissal for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) is a question of law reviewed de novo. *Stone v. Travelers Corp.*, 58 F.3d 434, 436–37 (9th Cir.1995). All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *Everest & Jennings v. American Motorists Ins. Co.*, 23 F.3d 226, 228 (9th Cir.1994). A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle her to relief. *Id.*

#### *Analysis*

 Liability under RICO, 18 U.S.C. § 1962(c), requires (1) the conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Sun Savings & Loan Assoc. v. Dierdorff*, 825 F.2d 187, 191 (9th Cir. 1987). "Racketeering activity" is any act indictable under several provisions of U.S.C. Title 18, including the predicate acts alleged in this case, mail fraud and wire fraud. 18 U.S.C. § 1961; *see generally Sun Savings & Loan Assoc.*, 825 F.2d at 191.

The district court concluded that appellants' RICO claims were entirely based on copyright infringement, which is not a RICO predicate act under 18 U.S.C. § 1961, and dismissed them pursuant to Fed.R.Civ.P. 12(b)(6). Appellants argue that their claims were properly based on the predicate acts of mail and wire fraud. We affirm.

 The district court did not err in concluding that appellants' RICO claims were reformulated copyright infringement claims. Appellants allege in their RICO counts the same activity alleged in their infringement claims: the unauthorized use and dissemination of appellants' copyrighted works. Indeed, without the alleged infringement of copyright, none of appellees' activity in disseminating their songs could be "fraudulent" and none of appellants' RICO claims could survive. Because appellants' RICO counts do no more than allege copyright infringement under the label of mail and wire fraud, and copyright infringement is not a predicate act under RICO, the district court properly concluded that appellants failed to state a claim.

Appellants' arguments are not persuasive. Appellants admit that the RICO predicate acts are linked with defendants' alleged copyright infringement. Appellants conclude, however, that because the copyright infringement and RICO claims are alleged in separate counts and have a separate jurisdictional basis, the allegations are "separate and distinct." Of course, alleging separate RICO counts does not mean appellants have successfully stated a RICO claim.

Appellants also assert that "[n]ot all of the predicate acts were assigned to carrying out the copyright infringement." Appellant, however, does not cite any examples of predicate acts unrelated to the alleged infringement of appellants' copyrights, nor could we find any non-copyright related predicate acts in appellants' complaint. Accordingly, we affirm the district court's decision to dismiss

---

4. The alleged trial errors relate to the district court's formulation of the jury instructions. This issue is discussed in greater detail below.

appellants' RICO counts for failure to state a claim.

## B. Did The District Court Err In Granting Appellees' Motion For Summary Judgment As To All But Three Of Appellants' Copyright Infringement Claims?

### Standard of Review

The grant of summary judgment is reviewed de novo. *Kouf v. Walt Disney Pictures & Television,* 16 F.3d 1042, 1044 (9th Cir.1994). However, "summary judgment is not highly favored on questions of substantial similarity in copyright cases." *Shaw v. Lindheim,* 919 F.2d 1353, 1355 (9th Cir.1990) (citation omitted). When the issue is whether two works are substantially similar, summary judgment is appropriate if "no reasonable juror could find substantial similarity of ideas and expression, viewing the evidence in the light most favorable to the nonmoving party." *Kouf,* 16 F.3d at 1045. Where reasonable minds could differ on the issue of substantial similarity, summary judgment is improper. *Shaw,* 919 F.2d at 1355.

### Analysis

To establish a successful copyright infringement claim, a plaintiff must show that (1) she owns the copyright, and (2) defendant copied protected elements of the copyrighted work. *Apple Computer, Inc. v. Microsoft Corp.,* 35 F.3d 1435, 1442 (9th Cir. 1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1176, 130 L.Ed.2d 1129 (1995). Because direct evidence of copying is not available in most cases, plaintiff may establish copying by showing that defendant had access to plaintiff's work and that the two works are "substantially similar" in idea and in expression of the idea. *Id.*

We use a two-part test in determining whether two works are substantially similar. *Id.* the "extrinsic" test considers whether two works share a similarity of ideas and expression based on external, objective criteria. *Id.; Shaw,* 919 F.2d at 1356–57.

Analytic dissection of a work and expert testimony are appropriate to the extrinsic test. *Apple Computer Inc.,* 35 F.3d at 1442. If plaintiff satisfies the extrinsic test, then the subjective "intrinsic test" asks whether an "ordinary, reasonable observer" would find a substantial similarity of expression of the shared idea. *Id.*

For summary judgment, only the extrinsic test is relevant. *Kouf,* 16 F.3d at 1045; *Brown Bag Software v. Symantec Corp.,* 960 F.2d 1465, 1477 (9th Cir.), *cert. denied,* 506 U.S. 869, 113 S.Ct. 198, 121 L.Ed.2d 141 (1992); *Shaw,* 919 F.2d at 1359. If plaintiff satisfies the extrinsic test, the intrinsic test's subjective inquiry must be left to the jury and summary judgment must be denied. *Kouf,* 16 F.3d at 1045; *Brown Bag Software,* 960 F.2d at 1477; *Shaw,* 919 F.2d at 1359. In applying the extrinsic test, we require a lower standard of proof on substantial similarity when a high degree of access is shown. *Shaw,* 919 F.2d at 1361–62 (describing the "Inverse Ratio Rule"); *Krofft,* 562 F.2d at 1172 (holding that high "degree of access justifies a lower standard of proof to show substantial similarity").[5]

Appellants make essentially four arguments against the district court's decision to grant partial summary judgment. First, appellants argue that the court improperly granted summary judgment based on scenes a faire expert testimony without considering appellants' "presumption of originality." Second, appellants contend that even if appellees established that the motives at issue were scenes a faire, appellees never established that appellants had access to the scenes a faire motives before writing their songs and thus summary judgment was inappropriate. Third, appellants argue that the court erred in considering scenes a faire evidence because when access to a plaintiff's works is conceded, possibility of a prior common source is irrelevant. Finally, appellants assert that the declarations of appellants' experts rebutted appellees' scenes a faire

---

**5.** Although the continued viability of the "Inverse Ratio Rule" was questioned in *Aliotti v. R. Dakin & Co.,* 831 F.2d 898, 902 (9th Cir.1987), the rule was expressly reaffirmed in *Shaw,* 919 F.2d at

1361–62 ("Because no subsequent decision has disturbed the access rule established in *Krofft,* we believe that it is the law of this circuit.").

evidence. We examine each of appellants' arguments in turn.[6]

### 1. Should A "Presumption of Originality" Have Rebutted Appellees' Scenes A Faire Evidence?

Appellants contend that the district court did not give enough weight to the "presumption of originality" created by appellants' Certificates of Copyright Registration in deciding whether the relevant motives in appellants' songs were scenes a faire. Appellees argue that the presumption of originality is not applicable to an inquiry into whether appellants' motives were scenes a faire. We agree with appellees.

■■■ The presumption of originality created by a Certificate of Registration is not relevant to the district court's scenes a faire determination. A Certificate of Registration only creates a rebuttable presumption of originality applicable to a defendant's attack on the *validity* of a plaintiff's copyright.[7] *North Coast Industries v. Jason Maxwell, Inc.*, 972 F.2d 1031, 1033 (9th Cir.1992) ("Under our copyright law, the registration of the copyright certificate itself establishes a prima facie presumption of the validity of the copyright in a judicial proceeding. . . ."). This court has neither transferred the presumption of originality from the "validity" inquiry to the "copying" inquiry nor converted it into a presumption that parts of a plaintiff's work are not scenes a faire. *See, e.g., Apple Computer, Inc.*, 35 F.3d at 1444–45 (considering scenes a faire inquiry and originality inquiry separately). Accordingly, the district court did not err by failing to address appellants' "presumption of originality" in deciding whether similarities between appellants' and appellees' work were attributable to "scenes a faire" motives.

### 2. Should Appellees Have Been Required To Prove That Appellants Had Access To Scenes a Faire Motives?

■■ Appellants contend that the district court should have required appellees to prove that appellants had access to the scenes a faire motives before granting summary judgment. We disagree.

Appellants misapprehend the relevant law. A scenes a faire finding, unlike a finding of copyright validity, does not turn on whether plaintiff copied prior art. Rather, the court examines whether "motive" similarities that plaintiffs attribute to "copying" could actually be explained by the commonplace presence of the same or similar motives within the relevant field. Thus, although a defendant must prove "access" when challenging the *validity* of a plaintiff's copyright, *see, e.g., North Coast Industries*, 972 F.2d at 1033–34, this court has not required a showing of access when defendant asserts that any similarity in works is attributable to shared scenes a faire motives. *See, e.g., Apple Computer, Inc.*, 35 F.3d at 1444.

Accordingly, we find that the district court did not err by not requiring appellees to prove appellants had access to the relevant scenes a faire motives.

### 3. Did The Court Err In Considering Scenes A Faire Evidence After Appellees' Access To Appellants' Works Had Been Conceded?

■■ Appellants argue that because access to appellants' works was conceded in this case, the district court did not need to consider whether the allegedly copied mo-

---

6. Appellants also contend that the district court erred in considering a "Post–Hearing Memorandum In Support Of Motion For Summary Judgment" filed by appellees one day after the summary judgment hearing. The court had not indicated a need for further briefing at the summary judgment hearing, and appellees had not requested leave of the court to file its supplemental brief.

The district court did not err in considering appellees' Post–Hearing Memorandum. Not only did appellants respond to the supplemental memorandum on the merits, but appellants also admit that the memorandum did not raise any new issues not already before the court. Given appellants' opportunity to respond, and the fact that the memorandum raised no new issues, the district court did not err in considering the supplemental filings.

7. Validity falls under part one of our two-part copyright infringement test; copying of plaintiff's work by defendant is the second part. The parties in this case stipulated to the validity of appellants' copyright.

tives were scenes a faire. We reject appellants' argument.

Appellants again depend on inapposite law. Although establishing access eliminates the need for a plaintiff to establish a "striking similarity" between plaintiff's and defendant's work, proof of access has no bearing on whether two works are "substantially similar," or, more specifically, on whether similarity in works is attributable to scenes a faire motives. *See Baxter v. MCA, Inc.*, 812 F.2d 421, 424 & n. 2 (9th Cir.) (reviewing substantial similarity determination after noting that "striking similarity" inquiry was irrelevant since access had been conceded), *cert. denied*, 484 U.S. 954, 108 S.Ct. 346, 98 L.Ed.2d 372 (1987). Thus, appellants' assertion that the scenes a faire inquiry is irrelevant when access is conceded is without merit.

**4. Did Appellants' Experts Rebut Appellees' Scenes A Faire Showing?**

Appellants argue that even if the district court properly considered appellees' evidence regarding scenes a faire motives in appellants' works, appellants' experts rebutted appellees' scenes a faire assertions and thus created a triable issue of fact, making summary judgment inappropriate.

The record belies appellants' claim. The district court carefully compared the scenes a faire assertions made by appellees' expert, Dr. Eskelin, to the declaration of appellants' experts, Dr. Argersinger and Dr. Parsons, and granted summary judgment only when the declarations of appellants' experts were silent as to one of Dr. Eskelin's scenes a faire conclusions or when appellants' experts agreed with the assessment of Dr. Eskelin.[8] Because the district court properly considered all the material in the record regarding scenes a faire motives and granted summary judgment only as to those motives that raised no genuine issue of material fact, we affirm the district court's grant of partial summary judgment.

**C. Did The District Court Err In Allowing The Jury To Reject Appellants' Claims Without Considering Appellees' Access to Appellants' Copyrighted Works?**

*Standard of Review*

■ A special verdict form is reviewed for an abuse of discretion. *Floyd v. Laws*, 929 F.2d 1390, 1395 (9th Cir.1991) (citations omitted). We must determine whether the questions in the form were adequate to obtain a jury determination of the factual issues essential to judgment. *Id.*

*Analysis*

Appellants contend that the district court abused its discretion by relying on a special verdict which allowed the jury to reject appellants' claims before reaching the question of appellees' access to appellants' work. Appellees argue that the district court acted well within its discretion by requiring the jury to answer three questions on "substantial similarity" that, if all answered in the negative, would dispose of appellants' claims. We agree with appellees.

■ As noted above, we use a two-part test for "copying" comprised of an objective, "extrinsic" inquiry and a subjective, "intrinsic" inquiry. In making the subjective, intrinsic determination, the jury is required to decide whether an ordinary, reasonable lay listener would find substantial similarity in the work of plaintiff and defendant. If the jury determines that no substantial similarity exists, plaintiffs cannot prevail.

■ Appellants argue that "access" is a factor in the intrinsic substantial similarity determination, and thus the district court erred in requiring the jury to decide the intrinsic question without considering access. Although access is relevant to the extrinsic test, we have not incorporated considerations of access into the intrinsic "lay listener" inquiry. *See, e.g., Shaw*, 919 F.2d at 1358 (analyzing access for purposes of extrinsic test but not intrinsic test); *Aliotti*, 831 F.2d at 902 (noting that access does not affect

---

**8.** The district court not only denied summary judgment whenever appellants' experts contested a scenes a faire assertion of appellees' expert, but also properly construed the evidence in the light most favorable to appellants when their experts' scenes a faire assessments were ambiguous.

intrinsic inquiry); *Baxter*, 812 F.2d at 424 & n. 2 (noting that access is conceded for purposes of extrinsic test and then reviewing intrinsic determination without reference to access). Because the jury's intrinsic test determination was potentially dispositive of appellants' claims and access is not relevant to the intrinsic "lay listener" test, the district court did not err in requiring the jury to make an intrinsic test determination before considering access.

Moreover, although a district court is not required to submit its formulation of a special verdict to the parties for their review, in this case Judge Hupp followed the better practice of making the special verdict form available to the parties for their scrutiny and permitting the parties to comment on and challenge the special verdict form at the jury instructions hearing.[9] The record establishes that Judge Hupp carefully considered the form of the special verdict and engaged the parties in an extended dialogue regarding not only the content of the questions submitted to the jury, but also the sequence in which the questions appeared in the special verdict form. On this record, it is clear that Judge Hupp did not abuse his discretion in formulating the special verdict instructions.

### D. Did The District Court Abuse Its Discretion In Denying Appellees' Motion For An Award Of Attorney's Fees?

#### Standard of Review

A district court's decision regarding the award of attorney's fees under the Copyright Act is reviewed for an abuse of discretion. *Jackson v. Axton*, 25 F.3d 884, 890 (9th Cir.1994). Reversal for abuse of discretion is not appropriate unless this court has a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors. *Washington State Dep't of Transp. v. Washington Natural Gas Co.*, 59 F.3d 793, 805 (9th Cir. 1995) (reviewing denial of attorney's fees).. The district court's findings of fact underly-

ing the attorney's fees determination are reviewed for clear error. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1532 (9th Cir.1993), *rev'd on other grounds*, 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994).

#### Analysis

Appellees argue that the district court abused its discretion in denying attorney's fees pursuant to the Copyright Act, 17 U.S.C. § 505. We disagree.

This court noted in *Jackson* that the district court may consider (but is not limited to) five factors in making an attorney's fees determination pursuant to § 505 of the Copyright Act: (1) the degree of success obtained, (2) frivolousness, (3) motivation, (4) objective unreasonableness (legal and factual), and (5) the need to advance considerations of compensation and deterrence. *Jackson*, 25 F.3d at 890 (citing *Fogerty v. Fantasy, Inc.*, 510 U.S. at —, — n. 19, 114 S.Ct. at 1023, 1033 n. 19.) Although the district court did not explicitly mention the *Fogerty* factors, the court implicitly considered four of the five factors. First, the district court concluded that appellants had more success in pursuing their claims than is typical of copyright infringement actions, mainly due to their "respectable evidence of access by defendants." The district court also explicitly noted that it did not find frivolousness or that the suit was motivated by bad faith. Finally, the court noted that the claims had a legal basis sufficient to survive summary judgment and a factual basis supported by expert testimony.

In sum, given that the district court weighed many of the relevant considerations and does not appear to have committed a clear error of judgment, we find that the district court did not abuse its discretion in denying appellees' motion for attorney's fees.

AFFIRMED.

---

9. Allowing the parties to assess the court's formulation of a special verdict is particularly important in legally and technically complicated cases, like many copyright infringement actions, in which the jury may be tempted to seize upon the first opportunity to dispose of a case in order to avoid dealing with a case's other, perhaps more difficult, aspects.