**Gerald HANSON, Plaintiff—Appellant,**

v.

**COUNTY OF SAN BERNARDINO, California & the below named persons & entities in their official and individual capacities; et al., Defendants—Appellees.**

No. 01–55493.

D.C. No. CV–00–00554–RT.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 11, 2002.*

Decided Feb. 25, 2002.

Before B. FLETCHER, T.G. NELSON, and TALLMAN, Circuit Judges.

MEMORANDUM **

Gerald Hanson appeals pro se the district court's order dismissing his action against over 100 defendants, alleging theft of a pick-up truck and improper investigation by animal control officers, under the Racketeer Influenced Corrupt Organizations Act, 18 U.S.C. § 1961 ("RICO"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal for failure to state a claim. *Vestar Dev. II v. Gen. Dynamics Corp.,* 249 F.3d 958, 960 (9th Cir.2001). We affirm.

We reject Hanson's contention that the district court improperly construed his RICO claim as a claim under 42 U.S.C. § 1983. *See Lopez v. Dep't of Health Servs.,* 939 F.2d 881, 882–83 (9th Cir.1991) (per curiam) (holding that courts must liberally construe civil rights pro se pleadings); *see also Smith v. Jackson,* 84 F.3d 1213, 1217 (9th Cir.1996) (holding RICO complaint subject to dismissal without leave to amend where underlying conduct did not constitute "racketeering activity").

The district court properly dismissed Hanson's action, construed as a claim for damages under 42 U.S.C. § 1983, because his action, if successful, would necessarily imply the invalidity of any conviction that might result from prosecution of pending criminal charges. *See Harvey v. Waldron,*

---

courts of this circuit except as may be provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

210 F.3d 1008, 1014 (9th Cir.2000). Hanson's remaining claims fail to allege violations of rights secured by the Constitution or federal law, *see United States v. Gamma Tech Indus., Inc.,* 265 F.3d 917, 923 n. 6 (9th Cir.2001), or fail to allege state action, *see Collins v. Womancare,* 878 F.2d 1145, 1155 (9th Cir.1989).

Hanson's contention that the district court improperly denied his default motion lacks merit because he failed to properly serve various defendants. *See* Fed. R.Civ.P. 4(e)(2); *Daly–Murphy v. Winston,* 837 F.2d 348, 355 (9th Cir.1987).

The magistrate judge did not abuse her discretion by denying Hanson's request that she recuse herself because Hanson failed to establish legally sufficient grounds for recusal. *See United States v. Sibla,* 624 F.2d 864, 868 (9th Cir.1980).

We reject Hanson's contention of judicial bias on the part of the district court judge because Hanson failed to file an affidavit alleging bias. *See* 28 U.S.C. § 144; *Davis v. Fendler,* 650 F.2d 1154, 1163 (9th Cir.1981).

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.