AANP, an Oregon nonprofit corporation, Plaintiff—Appellee,

v.

AMERICAN ASSOCIATION OF NATU-ROPATHIC PHYSICIANS, an Oregon corporation, Defendant—Appellant.

No. 00–35694.

D.C. No. CV–99–00440–ALH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 8, 2002.

Decided June 14, 2002.

Before TROTT, T.G. NELSON, Circuit Judges, and SHADUR,* District Judge.

MEMORANDUM **

The American Association of Naturopathic Physicians of Oregon ("Infringer"), appeals a $52,133.44 award of attorneys' fees granted in favor of the trademark owner, the American Association of Naturopathic Physicians ("National AANP"). We review for an abuse of discretion an award of attorneys' fees under the Lanham Act, 15 U.S.C. § 1117(a). *Gracie v. Gracie,* 217 F.3d 1060, 1071–72 (9th Cir. 2000). Findings of fact underlying an award of attorneys' fees are reviewed for clear error. *Smith v. Jackson,* 84 F.3d 1213, 1221 (9th Cir.1996).

Pursuant to the Lanham Act, attorneys' fees may be granted to the prevailing party in "exceptional cases" of trademark infringement. 15 U.S.C. § 1117(a). The Lanham Act does not define the term "exceptional," but we have awarded attorneys' fees in infringement cases where the infringement was "malicious, fraudulent, deliberate, or willful." *Playboy Enters., Inc. v. Baccarat Clothing Co.,* 692 F.2d 1272,

---

* The Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1276 (9th Cir.1982). Here, the district court expressly found this an "exceptional case" of trademark infringement:

> [T]he evidence confirms that the defendant acted *deliberately* to and *intended to harm* the plaintiff by using its mark. The evidence in this case is especially egregious because not only did the defendant incorporate its organization under the plaintiff's trademark and continue to use the mark after notice of violation, but the defendant *harassed* the plaintiff by sending letters to the plaintiff's members and appearing at naturopathic conferences and other venues using the plaintiff's trademark. Therefore this court finds that there are exceptional circumstances ... warranting reasonable attorneys' fees.

We agree with the district court's assessment; this was an exceptional case of infringement permitting the award of attorneys' fees. Undoubtedly, the Infringer knew of National AANP and its use of the AANP and AMERICAN ASSOCIATION OF NATUROPATHIC PHYSICIANS trademarks, but nonetheless, incorporated itself under that name when National AANP's corporate license in Oregon inadvertently lapsed. The Infringer conducted a self-congratulatory campaign touting its takeover of the "American Association of Naturopathic Physicians" corporate name. On letterhead purportedly from the "American Association of Naturopathic Physicians," the Infringer mailed to many naturopaths a solicitation describing the formation of a "new, more responsible association." That solicitation included an invitation to the "annual convention at the Riviera Hotel in Las Vegas." The Infringer also began lobbying state legislatures using the corporate name, the "American Association of Naturopathic Physicians." This evidence supports the district court's finding that the Infringer deliberately and maliciously infringed National AANP's trademarks.

It was not clear error for the district court to conclude the Infringer, rather than a rogue band of miscreants, deliberately and maliciously infringed National AANP's trademarks. Accordingly, we affirm the award of attorneys' fees.

We further conclude that this appeal is wholly without merit and therefore award National AANP its reasonable attorneys' fees. Costs shall be taxed to the Infringer pursuant to Circuit Rule 39(a)(2). This matter is referred to the Appellate Commissioner to determine the amount of attorneys' fees to be awarded and to calculate the appropriate amount of post-judgment interest due to the appellee.

AFFIRMED and REMANDED to the Appellate Commissioner.