MEMORANDUM *
Milton H. Greene Archives, Inc. appeals the district court’s grant of summary judgment and attorneys’ fees in favor of BPI Communications, Inc. We affirm.
*573 The photographs at issue entered the public domain when Milton H. Greene permitted them to be distributed to magazines, newspapers, and local theaters. This was a general publication, not a limited publication, because “tangible copies of a work [were] ... made available to the general public.” Am. Vitagraph, Inc. v. Levy, 659 F.2d 1023, 1027 (9th Cir.1981) (quoting 1 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 4.04 (1978)). For the pictures at issue that were submitted to studios and publicists but were not used as broadly as the others or at all, the general publication doctrine still applies, because “an authorized offer [was] made to dispose of the work in any such manner even if ... such disposition [did] not in fact occur.” Id. (emphasis added). Distribution of the photographs was not a limited publication, because Greene provided the photographs with “the right of diffusion, reproduction, [or] distribution.” Id. (quoting White v. Kimmell, 193 F.2d 744, 746-47 (9th Cir.1952)).
The district court did not abuse its discretion in considering the newspaper and magazine clippings. They are self-authenticating, ancient documents whose authenticity is undisputed. Fed.R.Evid. 803(16), 902(6)-(7), 1003. Greene could have sought to include the remainder of any clipping that it wanted the district court to consider. Fed.R.Evid. 106. Any error in considering the testimony of David Weitz-ner, and such other evidentiary errors as Greene claims were made, were harmless. Fed.R.Civ.P. 61.
The district court did not abuse its discretion in awarding reasonable attorneys’ fees under 17 U.S.C. § 505. Its discussion of the parties’ arguments shows that it considered the relevant factors. Though the court did not explain in any
detail its views on each of the many issues raised by Greene, the context, including plaintiff’s attorney’s abusive litigation tactics, and the decision itself make clear that the court accepted defendant’s arguments. Smith v. Jackson, 84 F.3d 1213, 1221 (9th Cir.1996); Maljack Prods., Inc. v. Good-Times Home Video Corp., 81 F.3d 881, 890 (9th Cir.1996). The award was not an abuse of discretion in the circumstances; the court’s conclusions regarding the availability and amount of fees were not “based on an inaccurate view of the law or a clearly erroneous finding of fact.” Entm’t Research Group, Inc. v. Genesis Creative Group, Inc., 122 F.3d 1211, 1217 (9th Cir.1997) (quotation marks and citation omitted).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.