**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GEORGE G. BENETATOS, | No. 08-17648 |
| Plaintiff - Appellant, and | D.C. No. 4:06-cv-06819-SBA |
| CHOULOS, CHOULOS & WYLE, LLC, | MEMORANDUM [*] |
| Plaintiff, v. | |
| HELLENIC REPUBLIC, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Saundra B. Armstrong, District Judge, Presiding

Argued and Submitted March 12, 2010
San Francisco, California

Before: WALLACE, GRABER, and McKEOWN, Circuit Judges.

Benetatos appeals from the district court's judgment on the pleadings, which

deemed his claims against the Hellenic Republic barred by the doctrine of judicial

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

estoppel.  We review the district court's application of judicial estoppel to the facts of this case for abuse of discretion, *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001), and we affirm.

Benetatos, an attorney, filed a Chapter 13 bankruptcy petition on April 22, 2004.  He filed the required schedules of assets and debts on May 27, 2004, but disclosed no claim against the Hellenic Republic.  Benetatos filed a First Amended Chapter 13 Plan and schedules on July 12, 2004.  Again, no claim against the Republic was disclosed.  "In the bankruptcy context, a party is judicially estopped from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements." *Id.* at 783; *see also Hay v. First Interstate Bank of Kalispell, N.A.*, 978 F.2d 555, 557 (9th Cir. 1992). Bentatos raises two contentions.

Benetatos first argues that the district court failed to weigh "countervailing equitable considerations."  When reviewing for abuse of discretion, as here, we will reverse only if we hold a "definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors."  *Smith v. Jackson*, 84 F.3d 1213, 1221 (9th Cir. 1996). The district court did not abuse its discretion in its assessment of the factors concerning judicial estoppel, because Benetatos's position in this action is clearly inconsistent with his earlier position, and he achieved success in the prior

proceeding by obtaining plan confirmation and a bankruptcy discharge. *See New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001) (setting forth commonly considered factors in judicial estoppel determinations); *Hamilton*, 270 F.3d at 784 (in bankruptcy context, failure to disclose an asset is a prior inconsistent position); *An-Tze Cheng v. K & S Diversified Invs., Inc.* (*In re An-Tze Cheng*), 308 B.R. 448, 453-54 (B.A.P. 9th Cir. 2004) (plan confirmation and discharge may qualify as acceptance of the accuracy of schedules for judicial estoppel purposes).

As to his second contention, regarding those fees and costs allegedly incurred post-petition, Benetatos argues that he was under no duty to disclose these receivables. But, the claim for post-petition fees was, and remains, property of the Chapter 13 estate. 11 U.S.C. §§ 541, 1306. In *Hamilton*, we invoked judicial estoppel to bar a debtor from proceeding on a cause of action where the debtor "fail[ed] to amend his schedules or disclosure statements to identify the cause of action as a contingent asset." 270 F.3d at 784. Benetatos's contention is at odds with his duty of disclosure.

**AFFIRMED.**