*NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HUGO VANLID SARMIENTO, | No. 09-55512 |
| Plaintiff - Appellant, | D.C. No. 8:06-cv-00586-DOC-AN |
| v. | |
| COUNTY OF ORANGE; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted October 12, 2011
Pasadena, California

Before: LEAVY and WARDLAW, Circuit Judges, and SESSIONS, District
Judge.**

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*        The Honorable William K. Sessions III, U.S. District Judge for the
District of Vermont, sitting by designation.

1

Following a jury verdict rejecting his civil rights claims, Hugo Sarmiento appeals several of the district court's rulings. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part, reverse in part, and remand for a new trial.

The district court abused its discretion in rejecting Sarmiento's proposed special verdict form, which would have allowed the jury to determine whether Orange County was liable for sanctioning excessive force in its sobering cells. Over Sarmiento's timely objection, the district court provided the jury with a special verdict form that limited Orange County's liability to the actions of deputies Matthew LeFlore and David Hernandez, Jr. Sarmiento's *Monell* claim against Orange County is not so circumscribed, *see Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 664 (1978), was preserved for trial in the Final Pretrial Conference Order, and was fairly supported by evidence introduced at trial.

Sarmiento alleges that Orange County is responsible for the excessive force used by its deputies against him.[1] Sarmiento does not identify the particular Orange County deputies who used excessive force against him, in part because his face was pressed into the wall or floor during the deputies' alleged use of excessive force. While Sarmiento additionally named Orange County deputies LeFlore and Hernandez as individual defendants, he never alleged that it was only LeFlore and Hernandez who had used excessive force on him. Indeed, the videotape of the beating introduced at trial shows that several officers, not just LeFlore and Hernandez, were involved in the beating and Sarmiento testified that he was unable to identify which of the officers kicked him in the face.

---

[1]The Final Pretrial Conference Order indicates that Sarmiento intended to pursue two theories to prove Orange County's liability in accordance with *Monell*: First, that Orange County instituted a custom, practice, or policy sanctioning the use of excessive force in its sobering cells; and second, that Orange County failed to train its employees to avoid the use of excessive force against inmates. While there is some support in the record for the dissent's view that the "failure to train" theory was premised on the liability of the named officers, the "custom, practice or policy" claim was not so limited. That one theory of municipal liability may have required a finding of individual wrongdoing by the named officers does not dictate that the "custom, practice or policy" theory was similarly constrained. Nor does anything in the record persuade us that the "custom, practice or policy" claim was tethered to the claims against Hernandez and LeFlore. Indeed, both general County policies and the actions of unnamed deputies were the subject of trial testimony, and were clearly visible on the video recording introduced into evidence. Moreover, the jury instructions suggested that the "custom, practice or policy" claim could rest on the conduct of actors other than the individual named defendants.

3

Although the district court instructed the jury that Sarmiento's custom, practice, or policy claim against Orange County rested on the actions of "Defendants LeFlore, Hernandez, other deputies and/or management," the district court rejected the only verdict form that would have allowed the jury to determine whether Orange County was in fact liable for excessive force used by deputies other than LeFlore and Hernandnez. The district court's error was not harmless: Although the jury found that LeFlore and Hernandez did not use excessive force against Sarmiento, this finding does not rule out Orange County's liability under *Monell* as evidenced by the actions of the other deputies involved. *See Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1186 n.7 (9th Cir. 2002).[2]

We disagree with the dissent's apparent conclusion that, because other parts of Sarmiento's proposed verdict form may have contained legal errors, the district court was free to reject it. The question we must address is "whether the questions in the form were adequate to obtain a jury determination of the factual issues

---

[2]The dissent seems to suggest that Sarmiento's inability to identify specifically the agents who harmed him undermines his claim that the County is liable under *Monell*. Our precedent does not support this view. While we have recognized that a plaintiff cannot establish municipal liability for excessive force "when the jury exonerates the individual officers of constitutional wrongdoing," *Fairley v. Luman*, 281 F.3d 913, 916 (9th Cir. 2002), this rule is inapplicable here precisely because the "exoneration" of LeFlore and Hernandez does not bear on whether the County may be responsible for constitutional wrongdoing by other officers.

essential to judgment." *Smith v. Jackson*, 84 F.3d 1213, 1220 (9th Cir. 1996). The district court abused its discretion by preventing the jury from considering plaintiff's argument that the County was liable for the actions of unnamed officers under a "custom, practice or policy" theory. If Sarmiento's proposed form was indeed "error-laden," the appropriate course of action would have been for the district court to correct the errors while leaving intact the correct *Monell* inquiries—not to substitute its own erroneous form.

Because we reverse the judgment in favor of Orange County, the award of costs in favor of Orange County is also reversed. *See Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1996).

Appellant's remaining contentions are without merit. We remand to the district court for further proceedings in accordance with this disposition. Each party shall bear its own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**

FILED

OCT 22 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LEAVY, Circuit Judge, concurring in part, dissenting in part:

I concur in that portion of the majority's disposition that affirms as to certain defendants. I dissent from that portion that reverses as to the County of Orange.

I disagree with the majority's conclusion that the district court committed error in rejecting Sarmiento's proposed verdict form. The majority remands for a new trial against Orange County on Sarmiento's claim that "unnamed deputies," while acting pursuant to a custom, practice or policy, used unreasonable force. Sarmiento did not articulate this theory of harm by "unnamed deputies" in the final pretrial order nor did he present this theory at trial. Sarmiento's proposed verdict form contained erroneous questions for the jury. Therefore, the district court properly rejected Sarmiento's proposed verdict form.

The final pretrial order states that the parties "will be precluded from presenting claims or defenses not set forth in this order, in the manner required by this order."

Plaintiff's first claim is that deputies acted under color of law and that unreasonable force was used. The only persons identified as "deputies" are Hernandez and LeFlore. No reference is made to unnamed persons in the recitation of plaintiff's first claim for unreasonable force.

The second claim is plaintiff's custom, practice, or policy claim against

County of Orange, the Orange County Sheriff's Department, and former Sheriff Carona. No deputy is named as an actor, nor is it contended that an unnamed person used unreasonable force. After the allegation that the defendants had a policy of causing, permitting, and/or condoning the use of unreasonable force against jail inmates, it is simply contended that plaintiff sustained damages as a proximate result of defendant County of Orange's custom, practice, or policies. I disagree with the majority's holding that plaintiff should be given a new trial so he can attempt to prove that someone he cannot identify, and never described in the final pretrial order as an unknown person, inflicted unreasonable force on him.

Plaintiff's third claim is for failure to train. Plaintiff contends that he "sustained damages as a proximate result of defendant's failure properly to train defendant officers." The final pretrial order limits plaintiff's claim to failure to train "defendant officers."

If, as the majority holds, plaintiff could recover on the custom, practice, or policy claim by proving that an agent of Orange County *other than* Hernandez or LeFlore used unreasonable force, it would have been necessary to instruct the jury that plaintiff could recover only if the excessive force was the result of a custom, practice, or policy, and *not* because of a failure to train, because plaintiff's failure to train claim was limited to damages sustained "as a proximate result of

2

defendant's failure to train defendant officers." Likewise, unless all claims require

a finding of unreasonable force by either Hernandez, LeFlore, or both, the use of a

verdict form that failed to differentiate between claims would be in error.

Plaintiff's proposed verdict form failed to make that differentiation.

Plaintiff's state law claims are identified in the final pretrial order as

*respondeat superior* claims. According to the final pretrial order, to establish these

state law claims, plaintiff would be required to prove that "defendants" acted

within the course and scope of their employment with the County of Orange.

Thus the state law claims are limited to force inflicted by "defendants."

Consistent with plaintiff's position set forth in the final pretrial order, and

following closing arguments, counsel for plaintiff told the court:

> MR. COOK: So it's on the record, we had a discussion off
> the record regarding plaintiff's state law claims, 52.1, et cetera. It is
> plaintiff's position that should the jury find a constitutional violation,
> that the plaintiff would be entitled to recovery as a matter of law
> against the County of Orange since it's undisputed the deputies were
> acting within the course and scope of employment; therefore, there
> was no necessity from plaintiff's standpoint to submit separate
> instructions.
>
> It's our position that plaintiff is willing to take the risk of that
> being the law by letting the jury decide the constitutional issue, and if
> there's a finding of a Fourth Amendment violation, plaintiff would
> bring a post-verdict motion to have the Court enter judgment on the
> 52.1 claim to allow the Court to enter the appropriate statutory
> penalty, because it's plaintiff's position those are issues as a matter of

law. If plaintiff is incorrect - - because I realize Your Honor's not deciding that issue now, obviously - - if plaintiff is incorrect and it believes for any reason the matter should have been submitted to the jury, then, that's a waiver of any right that plaintiff would have to have submitted the matter to the jury.

THE COURT:      Thank you.

If the plaintiff believed his custom, practice, or policy claim included unreasonable force used by persons other than Hernandez and LeFlore, he could not, with any degree of honesty, have contended that a finding of excessive force used by unnamed persons would of necessity result in liability on the state law claims, which, under the final pretrial order, are so clearly limited to conduct by Hernandez and LeFlore.

Even on appeal, plaintiff does not contend that the final pretrial order is as expansive as the majority holds. Instead, plaintiff argues in his opening brief, "As the district court correctly recognized, Mr. Sarmiento claimed that, 'while in jail, *unknown* sheriff deputies made disparaging statements and physically and mentally abused' him." Plaintiff does not say that the court recognized this from the final pretrial order (filed January 1, 2009), but instead he purports to quote from the district court's discovery order of March 10, 2008. That order paraphrased Paragraph 24 on Page 8 of plaintiff's first amended complaint. A correct quote

4

from the district court's order is, "While in jail, unknown sheriff deputies ("Does") made disparaging statements and physically and mentally abused Plaintiff." Plaintiff's original complaint did not name Hernandez or LeFlore, but included as defendants "Does 1-10." Plaintiff's first amended complaint names Hernandez and LeFlore, and "Does 3-10" as defendants. The final pretrial order dismisses as to all parties except those named on Page 3 under the heading, "The Parties." Neither "unnamed parties" nor "Does" are alleged to be actors, nor are they mentioned in the entire final pretrial order.

Plaintiff's counsel was consistent in pursuing what was probably a prudent strategy of focusing his claims on the conduct of Hernandez and LeFlore. These two individuals concluded that plaintiff was intoxicated. Plaintiff had strong evidence that Hernandez and LeFlore were wrong. Plaintiff then argued that if these two were wrong about plaintiff being drunk, they were probably false in denying the use of unreasonable force. Now that the jury has rejected plaintiff's claims, after what appears to be plaintiff's studious effort to focus upon Hernandez and LeFlore, plaintiff should not be permitted to revert to the expansiveness of the "Does" in his amended complaint.

Question 4 of the plaintiff's requested special verdict form is one of twelve questions in that form. If plaintiff's proposed special verdict form had been used,

5

the jury would answer Question 4 only if it answered "no" to Questions 1 or 2. Each of those questions asked whether circumstances facing the deputies "compelled" them to use the amount of force they did against plaintiff. This is an improper inquiry for the jury regarding the use of unreasonable force by law enforcement. *See Graham v. Connor*, 490 U.S. 386, 388 (1989) (a claim against law enforcement officers for excessive force is analyzed under the "objective reasonableness" standard); *Liston v. Cnty. of Riverside*, 120 F.3d 965, 976 n. 10 (9th Cir. 1997) (the factual issue for the jury is whether the officer's use of force was objectively reasonable under the circumstances). The trial judge properly rejected plaintiff's error-laden proposed special verdict form. Question 4 could not be used even if plaintiff had contended than an unnamed individual used excessive force in the context in which it was requested with Questions 1 and 2. Even in a proper case, I would not require the trial court to search a proposed verdict form for one question that is free from error, and then reverse the trial court for not using that question.

Even if plaintiff was claiming on his custom, practice, and policy claim that unnamed persons used unreasonable force, his objection to the verdict form as used failed to call the court's attention to the difference between that claim and all the other claims which were, by the terms of the final pretrial order, limited to the

6

conduct of Hernandez and LeFlore.

The majority refers to "the videotape of the beating." They must see something that I do not. The plaintiff admitted at trial that the videotapes do not capture any of the alleged kicks or punches by officers, as filmed in the booking area, the hall, and the sobering cell.

Finally, a remand for further proceedings in accordance with the disposition will pose a quandary for the district court because footnote 1 says that Sarmiento intended to pursue the theory that Orange County failed to train its employees. The final pretrial order, however, provides that one of the facts required to be established on plaintiff's failure to train claim is "that plaintiff sustained damages as a proximate result of defendant's failure to train defendant officers." Plaintiff does not claim he was damaged as a result of the failure to train anyone else.

I would affirm the district court judgment in favor of all defendants and the judgment in their favor for costs.

7