MEMORANDUM **
Following a jury verdict rejecting his civil rights claims, Hugo Sarmiento appeals several of the district court’s rulings. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm in part, reverse in part, and remand for a new trial.
The district court abused its discretion in rejecting Sarmiento’s proposed special verdict form, which would have allowed the jury to determine whether Orange County was liable for sanctioning excessive force in its sobering cells. Over Sarmiento’s timely objection, the district court provided the jury with a special verdict form that limited Orange County’s liability to the actions of deputies Matthew LeFlore and David Hernandez, Jr. Sarmiento’s Monell claim against Orange County is not so circumscribed, see Monell v. Dep’t of Soc. Servs. of City of N.Y, 436 U.S. 658, 664, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), was preserved for trial in the Final Pretrial Conference Order, and was fairly supported by evidence introduced at trial.
Sarmiento alleges that Orange County is responsible for the excessive force used by its deputies against him.[1] Sarmiento does not identify the particular Orange County deputies who used excessive force against him, in part because his face was pressed into the wall or floor during the deputies’ alleged use of excessive force. While Sar-miento additionally named Orange County deputies LeFlore and Hernandez as individual defendants, he never alleged that it was only LeFlore and Hernandez who had used excessive force on him. Indeed, the videotape of the beating introduced at trial shows that several officers, not just Le-Flore and Hernandez, were involved in the beating and Sarmiento testified that he was unable to identify which of the officers kicked him in the face.
Although the district court instructed the jury that Sarmiento’s custom, practice, or policy claim against Orange County rested on the actions of “Defendants Le-Flore, Hernandez, other deputies and/or management,” the district court rejected the only verdict form that would have allowed the jury to determine whether Orange County was in fact liable for exces *720 sive force used by deputies other than LeFlore and Hernandez. The district court’s error was not harmless: Although the jury found that LeFlore and Hernandez did not use excessive force against Sarmiento, this finding does not rule out Orange County’s liability under Monell as evidenced by the actions of the other deputies involved. See Gibson v. Cnty. of Washoe, 290 F.3d 1175, 1186 n. 7 (9th Cir.2002).[2]
We disagree with the dissent’s apparent conclusion that, because other parts of Sarmiento’s proposed verdict form may have contained legal errors, the district court was free to reject it. The question we must address is “whether the questions in the form were adequate to obtain a jury determination of the factual issues essential to judgment.” Smith v. Jackson, 84 F.3d 1213, 1220 (9th Cir.1996). The district court abused its discretion by preventing the jury from considering plaintiffs argument that the County was Hable for the actions of unnamed officers under a “custom, practice or policy” theory. If Sarmiento’s proposed form was indeed “error-laden,” the appropriate course of action would have been for the district court to correct the errors while leaving intact the correct Monell inquiries — not to substitute its own erroneous form.
Because we reverse the judgment in favor of Orange County, the award of costs in favor of Orange County is also reversed. See Amarel v. Connell, 102 F.3d 1494, 152B (9th Cir.1996).
Appellant’s remaining contentions are without merit. We remand to the district court for further proceedings in accordance with this disposition. Each party shall bear its own costs on appeal.
AFFIRMED in part, REVERSED in part, and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. The Final Pretrial Conference Order indicates that Sarmiento intended to pursue two theories to prove Orange County's liability in accordance with Monell: First, that Orange County instituted a custom, practice, or policy sanctioning the use of excessive force in its sobering cells; and second, that Orange County failed to train its employees to avoid the use of excessive force against inmates. While there is some support in the record for the dissent’s view that the "failure to train” theory was premised on the liability of the named officers, the "custom, practice or policy" claim was not so limited. That one theory of municipal liability may have required a finding of individual wrongdoing by the named officers does not dictate that the "custom, practice or policy” theory was similarly constrained. Nor does anything in the record persuade us that the "custom, practice or policy” claim was tethered to the claims against Hernandez and LeFlore. Indeed, both general County policies and the actions of unnamed deputies were the subject of trial testimony, and were clearly visible on the video recording introduced into evidence. Moreover, the jury instructions suggested that the "custom, practice or policy” claim could rest on the conduct of actors other than the individual named defendants.

. The dissent seems to suggest that Sarmien-to's inability to identify specifically the agents who harmed him undermines his claim that the County is liable under Monell. Our precedent does not support this view. While we have recognized that a plaintiff cannot establish municipal liability for excessive force "when the jury exonerates the individual officers of constitutional wrongdoing,” Fairley v. Luman, 281 F.3d 913, 916 (9th Cir.2002), this rule is inapplicable here precisely because the "exoneration” of LeFlore and Hernandez does not bear on whether the County may be responsible for constitutional wrongdoing by other officers.