**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ACMET, INC., a California Corporation, | No.   15-55928 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-00048-TJH-AJW |
| v. | |
| THE WET SEAL, INC., a Delaware Corporation; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Terry J. Hatter, District Judge, Presiding

Argued and Submitted February 8, 2017
Pasadena, California

Before:  GRABER, BYBEE, and CHRISTEN, Circuit Judges.

Acmet, Inc., appeals from the district court's denial of its motion for summary judgment and *sua sponte* entry of summary judgment in favor of defendants.  We have jurisdiction under 28 U.S.C. § 1291 and review the district court's order de novo.  *See Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014)

---

   [*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

(en banc).  We affirm the district court's denial of Acmet's motion for summary judgment and reverse the *sua sponte* entry of summary judgment in defendants' favor.  *See Buckingham v. United States*, 998 F.2d 735, 742 (9th Cir. 1993).

"To establish copyright infringement, a plaintiff must prove two elements: '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'"  *L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 846 (9th Cir. 2012) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991)).  The district court ruled that defendants failed to rebut the presumption of a valid copyright arising from Acmet's copyright registration certificate for the design in question, Registration No. VA 1-862-161.  For purposes of this appeal, defendants concede that Acmet owns a valid copyright.  The district court ruled that Acmet failed to prove copying.

"[D]irect evidence of copying is not available in most cases . . . ."  *Id.* (quoting *Smith v. Jackson*, 84 F.3d 1213, 1218 (9th Cir. 1996)).  "Absent direct evidence of copying, proof of infringement involves fact-based showings that the defendant had 'access' to the plaintiff's work and that the two works are 'substantially similar.'"  *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 481 (9th Cir. 2000) (quoting *Smith*, 84 F.3d at 1218).  "Proof of striking similarity is an

2

alternative means of proving 'copying' where proof of access is absent." *Baxter v. MCA, Inc.*, 812 F.2d 421, 424 n.2 (9th Cir. 1987).

1.      Here, reasonable jurors could differ on whether Acmet's and defendants' designs are strikingly similar. *See Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002). There are objective similarities between protectable elements of the designs. *See L.A. Printex*, 676 F.3d at 850 ("Because there is 'a wide range of expression' for selecting, coordinating, and arranging floral elements in stylized fabric designs, 'copyright protection is broad and a work will infringe if it's substantially similar to the copyrighted work.'" (quoting *Mattel, Inc. v. MGA Entm't, Inc.*, 616 F.3d 904, 913–14 (9th Cir. 2010))). The designs have the same number of triangles arranged in the same pattern with the same size ratios. The designs all have a top border that is arranged in the same way. The only differences in the designs are the colors, the bottom border, and the addition of an extra line in two of defendants' designs.

2.      There is also evidence from which reasonable jurors could draw an inference that defendants had access to Acmet's design. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Art Attacks Ink, LLC v. MGA Entm't Inc.*, 581 F.3d 1138, 1143–44 (9th Cir. 2009). Defendant Tony Kim was the president and owner of both the company that Acmet hired to print its design (Design by

3

Nature) and the company that sold allegedly infringing fabric to retailers (Fashion Life). Fashion Life ordered garments bearing the allegedly infringing designs from a Chinese vendor within three months of Acmet's disclosing its design to Design by Nature.

A jury reasonably could resolve these issues in favor of either party, making summary judgment inappropriate. *See L.A. Printex*, 676 F.3d at 846.

**AFFIRMED IN PART AND REVERSED IN PART, AND REMANDED.** The parties shall bear their own costs on appeal.