NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 1 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THE ACT GROUP, INC., an Arizona corporation, <br><br>       Plaintiff-counter-<br>      defendant-Appellee, <br><br>  v. <br><br> WATERFURNACE INTERNATIONAL, INC., an Indiana corporation, <br><br>       Defendant, <br><br>  and <br><br> JAMES HAMLIN and JODI HAMLIN, husband and wife, <br><br>       Defendants-counter-<br>      claimants-Appellants. | No.   16-15973 <br><br> D.C. No. 2:12-cv-00567-SMM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Stephen M. McNamee, District Judge, Presiding

Argued and Submitted September 13, 2017
San Francisco, California

Before: KOZINSKI and FRIEDLAND, Circuit Judges, and ARTERTON,[**]

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

District Judge.

After a six-day jury trial, judgment was entered in favor of ACT Group, Inc. on ACT's claims of infringement of its copyrighted sales training materials. Jody and James Hamlin appeal trial rulings on admissibility of certain evidence, omission of a requested jury instruction, and sufficiency of evidence to support the verdict. Mr. Hamlin also appeals the dismissal of his counterclaim for wrongful appropriation of his likeness.

1.      The District Court's imposition of sanctions on the ACT Group for its failure to properly disclose certain documents and witnesses under Fed. R. Civ. P. 37(c)(1), was not an abuse of discretion. See Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001) ("[A]lthough we review every discovery sanction for an abuse of discretion, we give particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)." (citation omitted)). By limiting ACT's witnesses' trial testimony to the scope of those witnesses' deposition testimony, and by permitting ACT to offer only documents previously disclosed or relied on by one of the parties in summary judgment briefing, the trial court fashioned an appropriate sanction within its broad discretion.

2.      Appellants claim error in the District Court's failure to include a jury

---

**      The Honorable Janet Bond Arterton, United States District Judge for the District of Connecticut, sitting by designation.

instruction that "expressions that are common, stock, or standard to a particular matter are not protectable under copyright law." The District Court's formulation of its jury charge on originality, which tracked the Ninth Circuit Manual of Model Civil Jury Instructions, was directed to the central jury question of whether the manner in which the words were selected and arranged was sufficiently creative to be an original expression subject to copyright protection. That charge "adequately cover[ed] the issues presented," "correctly state[d] the law," and was not "misleading." Gantt v. City of Los Angeles, 717 F.3d 702, 706 (9th Cir. 2013) (internal quotation marks and citation omitted). The parties in their closing arguments forcefully addressed their opposing positions on the protectability of the word and phrase arrangements in ACT's sales training materials. Appellants' requested additional language would have sidetracked the jurors' focus on this issue and improperly changed the tenor of the charge, as the District Court appropriately concluded. See Satava v. Lowry, 323 F.3d 805, 811 (9th Cir. 2003) ("[A] combination of unprotectable elements is eligible for copyright protection only if those elements are numerous enough and their selection and arrangement original enough that their combination constitutes an original work of authorship.").

3. Substantial evidence supports the jury's verdict awarding damages for copyright infringement of ACT's sales training materials. See Transgo, Inc. v. Ajac Transmission Parts Corp., 768 F.2d 1001, 1013–14 (9th Cir. 1985). Even though

many common phrases already in the public domain were used, ACT's selection, arrangement, and expression of these words and phrases were copyright protectable. See Satava, 323 F.3d at 811. There was also substantial evidence that Hamlin actually copied ACT's training materials. See Smith v. Jackson, 84 F.3d 1213, 1218 (9th Cir. 1996) ("plaintiff may establish copying by showing that defendant had access to plaintiff's work and that the two works are substantially similar in idea and in expression of the idea" (internal quotation marks and citation omitted)).

**4.**    The District Court did not err in granting summary judgment on Hamlin's counterclaim for wrongful appropriation of his likeness for commercial purposes in light of the lack of evidence that the use of Hamlin's likeness resulted in any economic harm to him, or economic benefit to ACT. See In re Estate of Reynolds, 327 P.3d 213, 215 (Ariz. Ct. App. 2014).

**AFFIRMED**