**Everette SILAS; Sherri Littleton, Plaintiffs-Appellants,**

·v.

**HOME BOX OFFICE, INC.; et al., Defendants-Appellees.**

**No. 16-56215**

United States Court of Appeals, Ninth Circuit.

Submitted February 8, 2018 * Pasadena, California

Filed February 22, 2018

Kenechi Agu, Law Offices of Kenechi R. Agu, Torrance, CA, for Plaintiffs-Appellants

Lee Scott Brenner, Kenneth David Kronstadt, Attorney, Kelley Drye & Warren LLP, Los Angeles, CA, for Defendants-Appellees Home Box Office, Inc., Stephen Levinson, Dwayne Johnson, 7

---

** The Honorable Andrew P. Gordon, United States District Judge for the District of Nevada, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Bucks Entertainment, Inc., Leverage Management, Inc.

Lee Scott Brenner, Kelley Drye & Warren LLP, Los Angeles, CA, for Defendant-Appellee Mark Wahlberg

Before: CALLAHAN and NGUYEN, Circuit Judges, and BATAILLON,[**] District Judge.

### MEMORANDUM [***]

Appellants Everette Silas and Sherri Littleton appeal the district court's order dismissing their copyright infringement complaint. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Reviewing for abuse of discretion, *see Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001) (citation omitted), we conclude that the district court did not abuse its discretion in taking judicial notice of the actual "Ballers" episodes from which Appellants took screenshots and referenced specific timestamps in their complaint.

2. We review an order dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6) de novo. *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012) (citation omitted). To establish copyright infringement, Appellants must show that "the works at issue are substantially similar in their protected elements." *Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002) (citation omitted). Applying the "extrinsic test," *see Smith v. Jackson*, 84 F.3d 1213, 1218 (9th Cir. 1996), we objectively compare Appellants' "Off Season" with "Ballers" to determine whether the two works are substantially similar only as to protectable elements. *See Cavalier*, 297 F.3d at 822-23 (noting that general plot ideas, familiar stock

scenes, situations or incidents that flow naturally from a basic plot premise, etc., are not protected by copyright law). Here, despite some surface similarities, the two works are clearly different. *See Silas v. Home Box Office, Inc.*, 201 F.Supp.3d 1158, 1173–83 (C.D. Cal. 2016). As the district court correctly explained in great detail, the plots, characters, themes, moods, settings, pace, dialogue, and sequence of events between the two works are similar in only the broadest strokes. The alleged similarities identified by Appellants fall under the category of general plot ideas, familiar stock scenes, or scenes-a-faire, which are not protectable. *See Cavalier*, 297 F.3d at 823. The district court did not err in dismissing Appellants' copyright infringement claim.

**AFFIRMED.**

[***] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.